UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROY LEE SKEENS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-912-JD-MGG |
| WABASH CO. SHERIFF DEPT, et al., | |
| Defendants. | |

OPINION AND ORDER

Roy Lee Skeens, a prisoner without a lawyer, filed an amended complaint against four defendants regarding events that occurred before he was confined. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Skeens asserts that on November 27, 2020, officers from the Wabash County Sheriff's Department and Kosciusko County Sheriff's Department served him with an illegal warrant to search his home. ECF 4 at 2. When the officers conducted the search, they knocked his front door off of its hinges, shattered his sliding glass door, and deployed oleoresin capsicum gas. *Id*. Skeens states he was

forced to exit his house through the area where the sliding glass door had been broken with his hands in the air unable to breathe. *Id*. The officers then forced him to the ground to handcuff him and repeatedly slammed his head against the ground. *Id*. He asserts the excessive force caused his hand to be cut to the bone and broken. *Id*. After he was handcuffed, he was taken to the Wabash County Sheriff's Department and transported by ambulance to the hospital to have x-rays of his hand and treatment for his injuries. *Id*. at 3.

In this case, Skeens has sued the Wabash County Sheriff's Department, Wabash County Sheriff, Devin Bechtold, and Paul Heaten. With respect to the Wabash County Sheriff's Department, a governmental agency "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather, liability exists only when the execution of a policy or custom inflicts the injury. *Id*. Skeens has not alleged that his injuries were the result of a policy or custom. As to the Wabash County Sheriff, Bechtold, and Heaten, other than simply listing these defendants in the caption of his case, he never mentions them in the body of his amended complaint. Therefore, he may not proceed against these defendants.

Skeens amended complaint does not state a claim for which relief can be granted. Nevertheless, Skeens may file another amended complaint if he believes he can state a claim based on (and consistent with) the events he has described because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). When he prepares his amended complaint, he should

2

explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible. In other words, Skeens must link his allegations to specific dates (or even an estimated timeframe) and those defendants he believes are responsible for the alleged constitutional violations.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Roy Lee Skeens;

(2) GRANTS Roy Lee Skeens until **May 20, 2022**, to file an amended complaint on that form; and

(3) CAUTIONS Roy Lee Skeens that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on April 12, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT